GEORGE SASNETT, PLAINTIFF-APPELLANT, v. NEW JERSEY WRECKING COMPANY, INCORPORATED, A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted April 21, 1937—Decided July 17, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff-appellant, *Alboum & Narol* (*Abraham Alboum*).

For the defendant-respondent, *George H. Rosenstein* and *Jacob Lipman*.

PER CURIAM.

A directed verdict was entered for the defendant corporation. This is the return of a rule to show cause why a new trial should not be granted. Of the eight filed reasons only two are in form to be considered, namely, that the verdict was contrary to the weight of the evidence—a reason not appropriate to the disposition of the cause—and that the plaintiff's evidence presented a case under the doctrine of *res ipsa loquitur*. We find that not only was the verdict not contrary to the weight of the evidence but that, unless the appellant is sound in his contention that the doctrine of *res ipsa loquitur* was applicable, there was nothing upon which the case might properly have gone to the jury.

Plaintiff was injured by the fall of scaffolding at a building which the respondent was wrecking. The complaint alleged that there was an oral contract with the defendant by the terms of which the plaintiff purchased some of the discarded lumber and further alleged that plaintiff's presence at the scene was at defendant's invitation. Defendant's answer denied the making of a contract and the issuing of an invitation. The burden was plainly upon plaintiff to prove these essential and controverted allegations. At the trial the plaintiff testified that the contract had been made by him with a person whom he identified as one Zuckerman, said to be an employe of the defendant company, and the plaintiff identified a man in the court room as the one with whom he had made the oral contract and at whose invitation he was present at the time of the injury. It was demonstrated, and appellant concedes, that the person so identified was in no way connected with the defendant company. We think that the court below did not err in holding that the attorney for the plaintiff had elected to try the case on the theory of agency and invitation and had failed in that undertaking. Plaintiff constructed no foundation upon which the theory of *res ipsa loquitur,* as a means of holding the defendant to liability in the instant case, might rest.

The rule will be dismissed, with costs.